UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ST. JOHN HEALTH SYSTEM, INC., ST. JOHN CARDIOVASCULAR SERVICES, INC., ST. JOHN MEDICAL CENTER, INC., UTICA SERVICES, INC., PHYSICIANS' SUPPORT SERVICES, INC. <br><br> **Plaintiffs,** <br><br> v. <br><br> RANDOLPH COHEN, M.D., ALICIA COHEN, M.D., KATHLEEN SEBELIUS, in her official capacity as Secretary of Health and Human Services Department, ERIC HOLDER, in his official capacity as Attorney General of the Department of Justice, <br><br> **Defendants.** | Case No. 10-CV-0066-CVE-TLW |

## OPINION AND ORDER

Now before the Court are the Motion to Dismiss Plaintiffs' First Amended Complaint by Defendants Kathleen Sebelius and Eric Holder (Dkt. # 59), The Cohen Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to F.R.Civ.P. [sic] Rules 12(b)(1) and 12(h)(2-3) and Brief in Support (Dkt. # 67), and Plaintiffs' Application for Order of Dismissal Without Prejudice to Refiling (Dkt. # 70). All parties seek to dismiss this case. Defendants Sebelius and Holder do not object to plaintiffs' motion to voluntarily dismiss this case; however, defendants Randolph and Alicia Cohen do object.

**I.**

Plaintiff St. John Health System, Inc. (SJHS) is an Oklahoma corporation involved in the provision of medical services. Plaintiff Utica Services (US) is a subsidiary of SJHS, and is the sole owner of plaintiff Physicians' Support Services, Inc. (PSSI). PSSI is the sole owner of plaintiff St. John Cardiovascular Services, Inc. (SJCS). Plaintiff St. John Medical Center, Inc. (SJMC) is a wholly-owned subsidiary of SJHS. SJHS, US, PSSI, SJCS, and SJMC are Oklahoma corporations. Defendants Randolph Cohen and Alicia Cohen (together, the Cohens) are physicians specializing in cardiology and residents of Oklahoma. Defendants Holder and Sebelius (together, the U.S. defendants) are representatives of United States government agencies.

In late 2005 and early 2006, one or more of the plaintiffs and the Cohens arranged for the Cohens to become employees of SJCS.[1] On December 27, 2005, SJHS and the Cohens entered into an agreement (as amended February 1, 2006, hereinafter the commitment agreement) in which SJHS agreed to support the salaries SJCS would pay to the Cohens and to facilitate acquisition of medical equipment used by the Cohens. Id. at 8. On January 30, 2006, SJMC purchased from the Cohens certain equipment used in the Cohens' medical practice, including the equipment used to perform nuclear camera studies. Id. at 9. On February 1, 2006, each of the Cohens entered into an employment agreement (together, the employment agreements) with SJCS. Id. at 8-9. Plaintiffs allege that the Cohens referred and continue to refer patients to SJCS and SJMC. Id. at 9. Plaintiffs further allege that, pursuant to the commitment and employment agreements, the Cohens'

---

[1] The Cohens allege that this was part of a comprehensive plan developed by SJHS in 2004 to being employing physicians and acquiring their durable medical equipment. Dkt. # 41, at 17. The Cohens further allege that SJCS was created as a new corporation to function as the legal entity to employ the Cohens. Id. at 20.

compensation was based on the net revenue of the Cohens' practice, including the anticipated value of referrals by the Cohens to SJMC of nuclear camera studies. Id. at 9-10. The Cohens deny this allegation. Dkt. # 41, at 19-20.

On July 25, 2008, SJHS submitted a voluntary self-disclosure to the Office of Inspector General for the Department of Health and Human Services. Plaintiffs allege that, in this self-disclosure, SJHS stated that the employment agreements with the Cohens violated the Stark Law, 42 U.S.C. § 1395nn.[2] Dkt. # 26, at 12. On January 21, 2009, SJHS and SJCS entered into a Settlement and Mutual Release Agreement with the Cohens (the Cohen settlement agreement). The parties offer differing characterizations of this agreement. Plaintiffs allege that this agreement "effectuated an amendment to but otherwise affirmed the existing employment agreements," id. at 12, while the Cohens allege that the agreement created a new contract that "took the place of and superseded the prior contracts referenced therein . . .", Dkt. # 41, at 28. The terms of the Cohen settlement agreement are not part of the record.

On December 22, 2009, the U.S. defendants and SJHS entered into a settlement agreement (the U.S. settlement agreement). Dkt. # 26, at 13. In consideration of SJHS's payment of a settlement amount, the U.S. defendants agreed, among other things, to release SJHS and its subsidiaries from "any civil or administrative monetary claim the United States has or may have for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the civil monetary penalty provisions of the Stark Law, 42

---

[2] Plaintiffs' allegations regarding their position are somewhat inconsistent. They allege that, on July 25, 2008, SJHS stated that the employment agreements violated the Stark law. Dkt. # 26, at 12. They also allege that, on December 10, 2008, SJHS presented the position that the employment and commitment agreements did not violate the Stark law. Id.

3

U.S.C. §§ 1395nn(g)(3) and (4); the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud."[3] Dkt. # 63-2, at 3. "Covered Conduct" is defined as the self-disclosed agreements entered into by SJHS and physicians or physician groups from 2002 through 2008 "that violated [the Stark Law], and/or potentially implicated the Anti-Kickback Statute, 42 U.S.C. §§ 1320a-7b(b) . . . ." Id. at 2. The Covered Conduct Arrangements Addendum lists the Cohens, among others. Id. at 16.

On December 23, 2009, SJHS informed the Cohens that certain of its agreements with them violated the Stark law. Plaintiffs allege that SJHS informed the Cohens that the commitment agreement, employment agreements, and the Cohen settlement agreement violated the Stark Law. Dkt. # 26, at 14. The Cohens allege that SJHS contended that the commitment agreement and employment agreements violated the Stark Law, but did not make such a contention regarding the Cohen settlement agreement. Dkt. # 41, at 35.

Plaintiffs filed this action seeking: an interpretation of certain provisions of the Stark Law; a declaration that their agreements with the Cohens are invalid because they violate the Stark Law; and a declaration that the U.S. defendants are bound by the Court's determinations regarding whether the Cohen agreements violate federal law. Dkt. # 26, at 1-2, 18. The Cohens filed a counterclaim for breach of contract against SJHS and SJCS. Dkt. # 41, at 42-52.

After a scheduling conference at which the Court expressed concerns regarding its subject matter jurisdiction in this case, the U.S. defendants and the Cohens filed motions to dismiss for lack of subject matter jurisdiction. Dkt. ## 59, 67. The U.S. defendants argue that this Court lacks

---

[3]  The terms of the U.S. settlement agreement are included by way of background information. The terms of the U.S. settlement agreement have not played a role in the consideration and resolution of the issues currently before the Court.

subject matter jurisdiction over plaintiffs' claims against them because they are barred by the doctrine of sovereign immunity and are not ripe. Dkt. # 59. The Cohens argue that there is no federal question or diversity jurisdiction over plaintiffs' claims against them. Dkt. # 67. Plaintiffs responded by filing a motion to voluntarily dismiss the case pursuant to Fed. R. Civ. P. 41(a)(2).[4] Dkt. # 70. Plaintiffs have not filed responses to the defendants' motions to dismiss. In their brief in support of their own motion to dismiss, plaintiffs do not concede that they have not raised federal questions, but "recognize that the questions may not be ripe at this time . . . ." Dkt. # 69, at 3. The U.S. defendants do not object to plaintiffs' motion to dismiss. Dkt. # 70, at 3. The Cohens do object, arguing that dismissal should be with prejudice or "pursuant to a specific ruling on the Stark Law issue raised in the Cohens' Motion to Dismiss." Dkt. # 72, at 14. Further, the Cohens argue that they are entitled to attorney fees and costs and request that the Court impose conditions permitting discovery to continue after dismissal. Id.

**II.**

Rule 41(a)(2) states that, after an answer has been filed, an "action" may be dismissed at the plaintiff's request "only by court order, on terms that the court considers proper." Further, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be [voluntarily] dismissed [by the plaintiff] over the defendant's objection only if the counterclaim can remain pending for independent adjudication." There is a split of authority regarding whether Rule 41 permits voluntary dismissal of some, but not all, claims or defendants. See 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362

---

[4] The motion erroneously refers to "Rule 41(a)(1)(A)(2)." Dkt. # 70, at 1. Fed. R. Civ. P. 41(a)(1)(A)(ii) does not apply here because it contemplates a stipulation of dismissal signed by all parties.

(3d ed.) (describing the Second Circuit's determination that the use of the word "action" denotes the entire controversy, but stating that the "sounder view and the weight of judicial authority" are to the contrary). Further, it is not clear whether Rule 41(a)(2)'s restriction on voluntary dismissals where counterclaims have been filed applies to situations like this one, where the counterclaiming defendants oppose voluntary dismissal but also argue that the Court lacks subject matter jurisdiction over all claims.

The Court has an independent obligation to determine its own subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). Therefore, before untangling the Rule 41 issues in this case, the Court will first determine whether it has subject matter jurisdiction over plaintiffs' claims.

### III.

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." Henry v. Office of Thrift Supervision, 43 F.3d 507, 512 (10th Cir. 1994). The party invoking federal jurisdiction has the burden to prove that jurisdiction exists. Id. (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178 (1936)). In their amended complaint, plaintiffs allege that this Court has subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201, the federal question statute, 28 U.S.C. § 1331, and 28 U.S.C. § 1346(a)(2). Dkt. # 26, at 2. The Court will consider its subject matter jurisdiction over plaintiffs' claim against the U.S. defendants, plaintiffs' claim against the Cohens, and the Cohens' counterclaim separately.

A.      Subject Matter Jurisdiction Over Claims Against the U.S. Defendants

"The United States, as sovereign, is immune from suit unless it waives its sovereign immunity and consents to be sued.  Absent express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over suits against the United States." Harrell v. United States, 443 F.3d 1231, 1234 (10th Cir. 2006) (internal citations omitted).  The doctrine applies to suits against United States employees in their official capacities, as is the case here. Atkinson v. O'Neill, 867 F.2d 589, 590 10th Cir. 1989) (per curiam); see also Kentucky v. Graham, 473 U.S. 159, 166 (1985) (explaining that official capacity suits are a generally a way of pleading an action against an entity of which the officer is an agent).  Thus, absent an applicable waiver, the doctrine of sovereign immunity bars plaintiffs' claim against the U.S. defendants.

The Declaratory Judgment Act, 28 U.S.C. § 2201, expanded the remedies available in federal court but did not expand the federal courts' jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950). "General jurisdictional statutes such as 28 U.S.C. § 1331 do not waive the Government's sovereign immunity. Nor does the declaratory judgment statute, 28 U.S.C. § 2201, itself confer jurisdiction on a federal court where none otherwise exists." Wyoming v. United States, 279 F.3d 1214, 1225 (10th Cir. 2002).  Plaintiffs cannot rely on the Declaratory Judgment Act or the federal question statute to pursue a claim against the U.S. defendants in this case.

The Tucker Act, 28 U.S.C. § 1491, and Little Tucker Act, 28 U.S.C. § 1346(a)(2), "'impliedly forbid' federal courts from ordering declaratory relief . . . for contract claims against the government" and the Administrative Procedure Act, 5 U.S.C. §§ 701-706, "does not waive sovereign immunity for such claims. Robbins v. United States Bureau of Land Mgmt., 438 F.3d 1074, 1082

7

(10th Cir. 2006). Thus, plaintiffs cannot rely on the Tucker Act or the Little Tucker Act to pursue a claim against the U.S. defendants in this case.

The Stark Law does not contain a waiver of sovereign immunity. See 42 U.S.C. §1395nn. In fact, other courts have held that the Stark Law does not create a private right of action to invalidate a contract. Saint Agnes Med. Ctr. v. Dogali, No. 1:09-cv-01943-AWI-DLB, 2010 WL 307916, at *4 (E.D. Cal. Jan. 19, 2010); Cronin v. U.S. Prof'l Consultants, No. CIV. A. 00-5239, 2001 WL 256044, at *2 (E.D. Pa. March 13, 2001). Therefore, plaintiffs cannot rely on the Stark Law to pursue a claim against the U.S. defendants in this case.

Plaintiffs have failed to allege a waiver of the United States' sovereign immunity applicable to this case. Therefore, this Court lacks subject matter jurisdiction over plaintiffs' claim against the U.S. defendants.

B.     Subject Matter Jurisdiction Over Claims Against the Cohens

As explained in Part III.A, supra, the Declaratory Judgment Act does not create jurisdiction where it otherwise would not exist. Wyoming v. United States, 279 F.3d at 1225. Therefore, the Declaratory Judgment Act cannot form the basis of the Court's subject matter jurisdiction over plaintiffs' claims against the Cohens.

The federal question statute confers jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assur., Inc. v. McVeigh 547 U.S. 677, 689-90 (2006) (quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation

8

Trust for Southern Cal., 463 U.S. 1, 27-28 (1983)). The "well-pleaded complaint rule" requires that the complaint itself present the federal question, rather than an anticipated defense. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672 (1950); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("[a] defense that raises a federal question is inadequate to confer federal jurisdiction"); Constr. Laborers Vacation Trust, 463 U.S. at 10 ("a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise").

In the case of declaratory judgment actions, parties' positions are often reversed: the plaintiff asserts a defense to an anticipated action by the defendant. Cardtoons, L.C. v. Major League Baseball Players Ass'n, 95 F.3d 959, 964 (10th Cir. 1996). "It is the character of the impending action, not the plaintiff's defense, that determines whether there is federal question jurisdiction. Thus, federal question jurisdiction exists in a declaratory judgment action if the potential suit by the declaratory judgment defendant would arise under federal law." Id.

In this case, the potential suit by the Cohens (and, in fact, the Cohens' counterclaim) is a state-law breach of contract claim among non-diverse parties. A federal question would not be present on the face of that well-pleaded complaint. Plaintiffs' anticipated federal defense to that breach of contract claim does not create federal question jurisdiction. Merrell Dow, 478 U.S. at 808. Therefore, the Court does not have federal question jurisdiction over plaintiffs' claim for a declaratory judgment.

28 U.S.C. § 1346(a)(2) confers jurisdiction over certain claims against the United States. There are no surviving claims against the U.S. defendants. See Part III.A, supra. Therefore, this

statute is inapplicable. Additionally, there is no diversity of citizenship among the parties in this case. See 18 U.S.C. § 1332.

The Court finds that there is no basis for federal jurisdiction over plaintiffs' claims against the Cohens.

C.     Subject Matter Jurisdiction Over the Cohens' Counterclaim

The Cohens assert a counterclaim for breach of contract against SJHS and SJCS. This counterclaim arises under state law and involves non-diverse parties. See Part III.B, supra. Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over claims related to claims over which it has original jurisdiction. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). In this case, there is no basis for supplemental jurisdiction because there are no claims over which the Court has original jurisdiction.

The Court does not have subject matter jurisdiction over any claim in this case.

**IV.**

In the Cohen Defendants['] Objection and Response Brief to Plaintiff's Application for Order of Dismissal Without Prejudice to Refiling (Dkt. # 72), the Cohens request that the first amended complaint be dismissed with prejudice, or "dismissed pursuant to a specific ruling on the Stark Law issue raised in the Cohen's motion to dismiss. Under either alternative, the [p]laintiffs must be assessed attorney fees and costs of litigation pursuant to Rule 41 and pursuant to the fee shifting provision of the parties' contract . . ., and pursuant to Rule 54(d) Fed. R. Civ. P." Dkt. # 72, at 14. The Cohens further request that the Court retain jurisdiction to permit and enforce ongoing discovery in this case. Id.

The Cohens cannot simultaneously argue that the case should be dismissed for lack of subject matter jurisdiction and argue that the case should be dismissed with prejudice. A dismissal for lack of subject matter jurisdiction must be a dismissal without prejudice. See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216-17 (10th Cir. 2006). It is not an adjudication on the merits. Further, once a court determines that it lacks subject matter jurisdiction, it has no further power to make any determination regarding the underlying claim over which it lacks jurisdiction. Id.; see also Gold v. Local 7 United Food and Commercial Workers Union, 159 F.3d 1037, 1311 (10th Cir. 1998), overruled on other grounds by Styskal v. Weld County Comm'rs, 365 F.3d 855 (10th Cir. 2004).

The Court is unsympathetic to the Cohens' complaints regarding the significant amount of time spent on this case. The Cohens note that in their answers they "spelled out, in exacting detail, why the [c]omplaint (and later the [a]mended [c]omplaint) lacked subject matter jurisdiction." Dkt. # 72, at 3. The Cohens were free to file a motion to dismiss for lack of subject matter jurisdiction at any time; as they were aware of the jurisdictional issues at the time they filed their answer, they could have avoided significant time and expense by filing a motion to dismiss earlier, rather than engaging in discovery.

With respect to the Stark Law-related request, the Court has ruled on the Stark Law issue in the Cohens' motion to dismiss to the extent that the issue is whether an anticipated Stark Law

11

defense creates federal subject matter jurisdiction. See Part III.B, supra. The Court is without jurisdiction to render a decision on the merits of plaintiffs' Stark Law claims.[5]

The Cohens' request for a dismissal conditioned upon ongoing discovery is denied. The Cohens cannot have it both ways: they cannot simultaneously argue that the Court lacks subject matter jurisdiction over the case and seek the benefits of a federal forum in conducting discovery. As mentioned supra, the Cohens could have avoided significant duplication of work by promptly filing their motion to dismiss for lack of subject matter jurisdiction and refraining from discovery until the jurisdictional issues were resolved.

The Cohens' request for attorney fees and costs pursuant to Rule 41 is moot, because the Court has dismissed plaintiffs' claims against the Cohens for lack of subject matter jurisdiction (in accordance with the relief requested in the Cohens' motion, Dkt. # 67), rather than pursuant to Rule 41.

With respect to the Cohens' potential Rule 54(d) motion, a defendant is a "prevailing party" under Rule 54(d) if a plaintiff's claim is dismissed for lack of subject matter jurisdiction. See GHK Exploration Co. v. Tenneco Oil Co., 857 F.2d 1388, 1391 (10th Cir. 1988); see also Smith v. U.S. Dep't of Veteran Affairs, No. 92-6340, 1993 WL 262588, at *3 (10th Cir. July 8, 1993)

---

[5] The Cohens' contention that a ruling on the Stark Law issues in the Cohens' motion to dismiss would preclude plaintiffs from "raising this issue again" is incorrect. Dkt. # 72, at 14. The Court has ruled on the "Stark Law issues" to the extent that it has determined that the Stark Law defense does not create federal question jurisdiction. Clearly, this is not a determination of the merits of any potential Stark Law defense that may be asserted in a state court action.

(unpublished)[6].  Therefore, the Cohens may file a Rule 54(d) motion consistent with the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that all claims are dismissed for lack of subject matter jurisdiction.  A separate judgment shall be entered herewith.

**IT IS FURTHER ORDERED** the Motion to Dismiss Plaintiffs' First Amended Complaint by Defendants Kathleen Sebelius and Eric Holder (Dkt. # 59), The Cohen Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to F.R.Civ.P. [sic] Rules 12(b)(1) and 12(h)(2-3) and Brief in Support (Dkt. # 67), and Plaintiffs' Application for Order of Dismissal Without Prejudice to Refiling (Dkt. # 70) are **moot**.

**DATED** this 27th day of April, 2010.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[6]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.